OPINION
{¶ 1} Michael G., the father of M.G. and C.G. appeals from a judgment awarding permanent custody of M.G. and C.G. to the Miami County Children's Services Board. Mr. G. contends that the judgment is against the manifest weight of the evidence. *Page 2 
 {¶ 2} As the MCCSB points out, this cause was tried before a magistrate, who rendered a decision in its favor, and Mr. G. did not file any objection to the decision of the magistrate. Therefore, under Juv. R. 40(D)(3)(a)(iv), Mr. G. has waived all but plain error by the magistrate. A claim that a judgment is against the manifest weight of the evidence requires weighing of the evidence, involves substantial deference to the finder of fact, and does not rise to the level of plain error. Accordingly, under Juv. R. 40(D)(3)(a)(iv), a claim that a decision by a magistrate is against the weight of the evidence must first be addressed to the trial court, by objection, and may not first be the subject of appeal. Therefore, the judgment of the trial court is Affirmed. I {¶ 3} In late 2004, the MCCSB filed a complaint alleging that M.G., C.G., and an older half-sister, who is not involved in this appeal, were neglected children. By agreed entry, the children were determined to be neglected, and M.G. and C.G. were placed in the temporary custody of the MCCSB. Michael G. is the natural father of M.G. and C.G.
 {¶ 4} A case plan was developed for Michael G. and for Bobbi Jo G., the children's natural mother. In September, 2005, MCCSB filed a motion to change disposition from temporary custody to permanent custody. Bobbi Jo G. ultimately conceded the issue, agreeing in open court that her parental rights should be terminated and that it was in the best interests of the children that MCCSB be awarded permanent custody. Bobbi Jo G.'s parental rights are not involved in this appeal.
 {¶ 5} In early 2006, MCCSB withdrew its motion for a change of disposition from *Page 3 
temporary custody to permanent custody, and an order extending temporary custody was entered.
 {¶ 6} On April 7, 2006, MCCSB again filed a motion for a change of disposition from temporary custody to permanent custody. Michael G. filed his own motion to be awarded permanent custody of his children. These motions were heard before a magistrate on August 23, September 14, and September 15, 2006. The magistrate filed a decision on January 24, 2007, with 61 numbered findings of fact. The magistrate found that M.G. and C.G. had been in the custody of the MCCSB for 12 of the last 22 months, and that it was in the best interests of both children that MCCSB be awarded their permanent custody. The magistrate decided that MCCSB would be awarded permanent custody of both children.
 {¶ 7} The judge of the Miami County Common Pleas Court, Juvenile Division, approved the decision and adopted it as the order of the court. Below the trial judge's signature, as the second paragraph of a two-paragraph "Notice," the following appears in bold-faced capital letters:
 {¶ 8} "A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'SADOPTION OF ANY FINDING OF FACT OR CONCLUSION OF LAW IN THATDECISION [the decision of the magistrate previously referred to]UNLESS THE PARTY TIMELY AND SPEFICIALLY [sic] OBJECTS TO THAT FINDING ORCONCLUSION AS REQUIRED BY JUV. R. 40(E)(3)(a)"
 {¶ 9} No objections were filed to the magistrate's decision. Michael G. filed this appeal from the judgment of the trial court on February 9, 2007. A transcript of the proceedings before the magistrate was filed, in the court of appeals, on March 20, 2007. *Page 4 
It does not appear that any transcript of the hearing before the magistrate was filed in the trial court.
 II {¶ 10} Michael G.'s sole assignment of error is as follows:
 {¶ 11} "THE LOWER COURT'S DECISION GRANTING PERMANENT CUSTODY TO MIAMI COUNTY CHILDREN SERVICES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE, AND IS NOT IN THE CHILDREN'S BEST INTERESTS."
 {¶ 12} From his argument in support of his assignment of error, it is clear that Michael G. Is arguing that the trial court's finding that it is in his children's best interests that MCCSB be awarded their permanent custody is against the manifest weight of the evidence. The only other required finding — that each child has been in the custody of MCCSB for at least 12 of the 22 months preceding the motion for an award of permanent custody — does not appear to be disputed.
 {¶ 13} The provision of the Rules of Juvenile Procedure upon which MCCSB relies is now found at Juv. R. 40(D)(3)(a)(iv):
 {¶ 14} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [by a magistrate], whether or not specifically designated as a finding of fact or conclusion of law under Juv. R. 40(D)(3)(a(ii), unless the party has objected to that finding or conclusion as required by Juv. R. 40(D)(3)(b)."
 {¶ 15} The purpose behind the appellate waiver rule is to ensure that the trial *Page 5 
judge shall have an opportunity to correct any errors occurring in the trial judge's court, the only exception being for plain error. Along the same lines, a party objecting to a magistrate's factual finding is required to support the objection with a transcript of all of the evidence submitted to the magistrate relevant to that finding. Juv. R. 40(D)(3)(b)(iii). Michael G. neither objected to the magistrate's factual findings, nor supplied the trial judge with a transcript of the evidence, thereby enabling the trial judge to determine whether to approve the magistrate's factual findings, or to make her own factual findings, based upon the evidence in the transcript.
 {¶ 16} Plain error requires an "obvious defect" in the trial proceedings. State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. In view of the deference that an appellate court must give to factual findings by the finder of fact, and the weighing of the evidence required in assessing a claim that a judgment is against the manifest weight of the evidence, we conclude that a claim that a judgment is against the manifest weight of the evidence can never rise to the level of plain error. Without the interposition of an objection, and the filing of a transcript, it can never be "obvious" to a trial judge that a decision by a magistrate is against the weight of the evidence, or involves a finding of fact that the trial judge would not have made on the evidence in the record. Allowing a litigant to make this factual claim for the first time on appeal undermines the principle, underlying Juv. R. 40(D)(3)(b)(iv), that the trial judge ought to have the first opportunity to prevent error from occurring in the trial judge's court.
 {¶ 17} We agree with the MCCSB that Michael G. waived this assignment of error when he failed to object to the decision of the magistrate, and for that reason, his sole assignment of error is overruled. *Page 6 
 {¶ 18} Nevertheless, we have reviewed the entire transcript, and we note that it is our conclusion, based upon our review of the entire transcript, that the magistrate's finding that it is in the best interests of the children that MCCSB should have their permanent custody is not against the manifest weight of the evidence.
 III {¶ 19} Michael G.'s sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1