[Cite as *In re A.P.*, 2019-Ohio-139.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE: A.P.                              :
                                         :
                                         :        Appellate Case No. 28023
                                         :
                                         :        Trial Court Case No. 2015-7738
                                         :
                                         :        (Appeal from Common Pleas Court-
                                         :        Juvenile Division)
                                         :
                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of January, 2019.

. . . . . . . . . . .

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Boulevard,
Springboro, Ohio 45066
        Attorney for Appellee - Mother

JIMMIE CHRISTON, Atty. Reg. No. 0038116, 131 North Ludlow Street, Suite 212,
Dayton, Ohio 45402
        Attorney for Appellant - Father

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1}  Father appeals from an order of the Montgomery County Court of Common Pleas, Juvenile Division, denying his motion for custody of his minor child, A.P., and also denying his motion for contempt against the child's mother.  Father contends that the order of the juvenile court was not supported by the evidence.

{¶ 2} Because Father failed to file objections to the magistrate's decision, we are limited to a plain error review.  Further, because we have held that a weight of the evidence argument cannot rise to the level of plain error, we conclude that neither of his arguments have merit.  Finally, we have reviewed the record and find that there was competent, credible evidence to support the juvenile court's order.

{¶ 3} Accordingly, the judgment of the juvenile court is affirmed.


## I.       Facts and Procedural History

{¶ 4} In December 2015, Father filed a complaint to establish paternity of A.P., a child born to Mother in October 2015.  In his complaint, Father also sought custody of the child.  After DNA testing, the juvenile court issued an order acknowledging Father's paternity of the child.  However, the court denied Father's request for custody and, instead, granted him parenting time as set forth in the court's standard order of parenting time.

{¶ 5}  In August 2016, Father filed a motion seeking to hold Mother in contempt alleging that she had prevented him from exercising his parenting time.  He subsequently filed a motion for shared parenting.  After a hearing, the magistrate denied the motion for contempt.  Father filed objections.  In February 2017, the juvenile court overruled the

objections. In March 2017, following a hearing, the court denied the motion for shared parenting. No objections were filed.

{¶ 6} In June 2017, Father filed a motion seeking to hold Mother in contempt. He again alleged that she was denying him parenting time. He also filed a motion seeking custody of the child. A hearing was conducted on May 23, 2018, following which the magistrate found that the evidence did not support a contempt finding. The magistrate also found that Father failed to demonstrate a change in circumstances that would necessitate a change in custody. No objections were filed. The magistrate's decision was adopted and affirmed by the juvenile court.

{¶ 7} Father appeals.

## II.    Contempt Motion

{¶ 8} Father's first assignment of error states as follows:

THE TRIAL COURT ERRED IN FINDING [MOTHER'S] ACTION TO OBSTRUCT VISITATION WAS NOT WILLFUL.

{¶ 9} Father contends that the juvenile court erred by concluding that Mother did not willfully obstruct his parenting time. In support, he argues that "the preponderance of the evidence" demonstrated that Mother willfully violated his right to parenting time. Mother argues that, because Father failed to object to the magistrate's decision, he has waived all but plain error.

{¶ 10} Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law

under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."   "The purpose behind the appellate waiver rule is to ensure that the trial judge shall have an opportunity to correct any errors occurring in the trial judge's court, the only exception being for plain error."   *In re M.G. and C.G.*, 2d Dist. Miami No. 07-CA-6, 2007-Ohio-3589, ¶ 15.   Thus, the failure to file objections waives the right to appellate review and precludes relief from this court in the absence of civil plain error. *In re Etter*, 134 Ohio App.3d 484, 731 N.E.2d 694 (1st Dist.1998).   "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."   *In the Matter of A.J.S. and R.S.*, 2d Dist. Miami No. 2007 CA 2, 2007-Ohio-3433, ¶ 16, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.

{¶ 11} Our review of the record confirms that Father did not file objections to the to the magistrate's decision, and since no transcript of the proceedings was filed until after the matter was appealed to this court, the juvenile court had no basis for concluding that the evidence did not support the magistrate's findings.   Therefore, Father is limited to a review for plain error.

{¶ 12} Further, as noted by Mother, this court, in *In re M.G. and C.G.*, held that a manifest weight of the evidence claim cannot be reviewed for plain error, stating as follows:

> Plain error requires an "obvious defect" in the trial proceedings.

*State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. In view of the deference that an appellate court must give to factual findings by the finder of fact, and the weighing of the evidence required in assessing a claim that a judgment is against the manifest weight of the evidence, we conclude that a claim that a judgment is against the manifest weight of the evidence can never rise to the level of plain error. Without the interposition of an objection, and the filing of a transcript, it can never be "obvious" to a trial judge that a decision by a magistrate is against the weight of the evidence, or involves a finding of fact that the trial judge would not have made on the evidence in the record. Allowing a litigant to make this factual claim for the first time on appeal undermines the principle, underlying Juv. R. 40(D)(3)(b)(iv), that the trial judge ought to have the first opportunity to prevent error from occurring in the trial judge's court.

*Id.* at ¶ 16.

**{¶ 13}** Nonetheless, we have reviewed the transcript and note that the testimony regarding Father's exercise of parenting time conflicted. During the hearing, Father testified that Mother continuously failed to bring the child to the designated exchange location, and that he, thus, has only been able to exercise his parenting time a few times since the court entered the parenting time order in June 2016. He also testified that he had not seen the child since 2017. On cross-examination, Father admitted that he had not attempted to contact Mother since July 2017.

**{¶ 14}** Conversely, Mother testified that Father initially exercised his visitation with the child but thereafter he failed to appear at the exchange location. She also testified

that she had not be able to contact Father for approximately a year. Mother stated that the last time Father contacted her was in August 2017.

{¶ 15} A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders. *Sagan v. Tobin*, 8th Dist. Cuyahoga No. 86792, 2006-Ohio-2602, ¶ 34. In order to be clear and convincing, evidence must leave the trier of fact with the firm conviction or belief that the allegations involved are true. *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). We review the court's decisions in contempt cases for abuse of discretion. *State v. Chavez-Juarez*, 185 Ohio App.3d 189, 2009-Ohio-6130, 923 N.E.2d 670, ¶ 56 (2d Dist.).

{¶ 16} Given the conflicting testimony, we cannot say that the juvenile court, as the trier of fact, abused its discretion by concluding Father failed to demonstrate that Mother acted to deny him his parenting time, or that she failed to comply with the court's order regarding parenting time. There was evidence upon which the court could have reasonably concluded that Father had not sought to exercise his parenting time. The court was further free to credit Mother's testimony that she had not acted to impede parenting time between Father and the child.

{¶ 17} The first assignment of error is overruled.


### III. Custody Motion

{¶ 18} Father's second assignment of error is as follows:

THE COURT ERRED RULING THAT A CHANGE IN CIRCUMSTANCE

DID NOT NECESSITIES [SIC] A CHANGE IN CUSTODY.

{¶ 19} Father contends that the court erred in concluding that he failed to present

evidence demonstrating a change in circumstances that would support his request for a modification of custody. In support, he claims that he presented evidence that Mother had been convicted of assault with regard to her brother and that she had engaged in a physical altercation with her sister. He further claimed that Mother had previously slapped him and that, on another occasion, she had "pulled a butcher knife" on him. Finally, Father claimed that Mother had a problem with alcohol consumption.

{¶ 20} Again, we note that Father did not file objections to the magistrate's decision, and has therefore waived all but plain error. Because Father's argument hinges upon the claim that the court's order was not supported by the evidence, he cannot establish plain error.

{¶ 21} Furthermore, a review of the record indicates that the court's custody determination was not against the weight of the evidence.

{¶ 22} R.C. 3109.04(E)(1)(a) provides:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

**{¶ 23}** The threshold question in this case is whether Father demonstrated a change in circumstances. Although R.C. 3109.04 does not define "change in circumstances," Ohio courts have held the phrase pertains to "an event, occurrence, or situation which has a material and adverse effect upon the child." *Pierson v. Gorrell*, 12th Dist. Butler No. CA 2011-11-216, 2012-Ohio-3878, ¶ 13. "In order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one 'of substance, not a slight or inconsequential change.' " *Id.*, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). In determining whether a "change" has occurred, a trial judge must have wide latitude in considering all the evidence, and the court's decision must not be reversed absent an abuse of discretion. *Id.* at ¶ 10.

**{¶ 24}** We first note that the record does not contain any competent evidence regarding when any of the above-cited physical violence or drinking, which Father claims constitute a change of circumstances, occurred. While Father claims that the events occurred after the juvenile court initially awarded custody to Mother, we note that he did

not testify to or introduce any other evidence regarding the dates of the claimed events.[1] We cannot ascertain, from this record, when the claimed events occurred. Thus, we must conclude that Father failed to demonstrate a change in circumstances based upon facts that arose after the prior decree or that were unknown to the court at the time of the prior decree.

{¶ 25} Even if the claimed events happened after the custody award, we conclude the court did not abuse its discretion in determining Father had failed to establish that the detrimental effects of removing the child would be outweighed by any benefit of a change of custody. *See* R.C. 3109.04(E)(1)(a)(iii). The child had been in the care and custody of Mother since birth. Mother's unrebutted testimony indicated that she had suitable housing and that she was employed. There was no evidence that the child was neglected or abused. Father did not present any evidence regarding his housing, income, or ability to care for the child. Further, there was no showing that the claimed behavior had a negative impact on A.P. While Father contends that Mother committed assault against her brother in front of the child, there was no evidence, other than Father's testimony that he "believed" the child was present, to support this claim. Additionally, when asked, Father declined to state that he thought Mother presented a danger to the child.

{¶ 26} We conclude that the court did not err in finding Father failed to show a change in circumstances supporting a change of custody. Therefore, the second assignment of error is also overruled.

---

[1] Father did testify that he learned, sometime in 2017, that Mother had been arrested for assault. However, there is nothing in this record to indicate when the actual offense occurred.

### IV.    Conclusion

{¶ 27} Both of Father's assignments of error being overruled, the judgment of the juvenile court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Marshall G. Lachman
Jimmie Christon
Hon. Anthony Capizzi