[Cite as *In re B.O.*, 2019-Ohio-608.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF:  B.O. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 18CA64 |
| | : | 18CA65 |
| | : | 18CA67 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:               Appeal from the Richland County
                                       Court of Common Pleas, Juvenile
                                       Division, Case Nos. 15-DEP-107
                                                           15-DEP-108
                                                           15-DEP-109

JUDGMENT:                              Affirmed

DATE OF JUDGMENT:                      February 19, 2019

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant S.Y.

GINA NENNIG-HENRY                      DARIN AVERY
Richland County Children Services Board   105 Sturges Avenue
731 Scholl Road                        Mansfield, Ohio 44903
Mansfield, Ohio 44907

*Baldwin, J.*

{¶1}    Appellant S.Y. appeals from the July 18, 2018 Judgment Entries of the Richland County Court of Common Pleas, Juvenile Division.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant is the mother of B.O. (DOB 5/07/2000), B.O. (DOB 3/5/2009) and B.O. (DOB 8/17/2006). On July 24, 2015, Richland County Children Services ("RCCS") filed complaints alleging that the three children were dependent and/or neglected. Following a hearing before a Magistrate, the court adopted the Magistrate's Decisions finding the children to be dependent children.  In 2016, legal custody of them was granted to his father, S.O.

{¶3}    In March of 2017, the three cases were reopened to address appellant's visitation with the children. As a result of mediation, the parties reached an agreement as to visitation. The trial court adopted the agreement as an Order of the court via a Judgment Entry filed in each case on February 28, 2018.

{¶4}    On March 8, 2018, RCCS filed an "Ex Parte Motion to Immediately Terminate Visitation" between B.O. and appellant in each case. Attached to such motions was an affidavit from an employee of RCCS stating that appellant had made wrongful allegations of sexual abuse by S.O. The Magistrate, in temporary orders filed on March 9, 2018, ordered that visitation be immediately suspended between appellant and the children. The matter was set for a hearing on May 16, 2018 before a Magistrate.

{¶5}    The Magistrate, in Decisions filed on June 29, 2018 stated that "all prior orders granting parenting time or visitation between [appellant] and [B.O.] are terminated."

The Magistrate further found in each case that it was in B.O.'s best interest that all contact with appellant "be only as such as his father, [S.O.], permits."

{¶6} No objections to the Magistrate's Decisions were filed. The trial court filed a Judgment Entry in each case approving and adopting the Magistrate's Decision on July 18, 2018.

{¶7} Appellant now raises the following assignment of error on appeal:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY TERMINATING THE PARTIES' AGREEMENT TO PHASE-IN MOTHER'S VISITATION WITH THE MINOR CHILD."

I

Appellant challenges that trial court's decisions terminating the parties' agreement to phase-in her visitation with the three minor children.

{¶9} Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." "The purpose behind the appellate waiver rule is to ensure that the trial judge shall have an opportunity to correct any errors occurring in the trial judge's court, the only exception being for plain error." *In re M.G. and C.G.*, 2d Dist. Miami No. 07-CA-6, 2007-Ohio-3589, ¶ 15.

{¶10} Our review of the record confirms that appellant did not file objections to the to the Magistrate's Decision pursuant to Juv.R. 40. Accordingly, we find appellant cannot assign as error on appeal the trial court's adoption of any factual finding or legal

conclusion pursuant to Juv.R. 40(D)(3). We note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of "plain error." *In re Ortego,* 5th Dist. Tuscarawas No.1999AP05003, 2000 WL 330069(Mar. 8, 2000.) However, the Supreme Court has cautioned against the over application of plain error analysis.

The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings. *Schade,* 70 Ohio St.2d at 209, 24 O.O.3d at 317, 436 N.E.2d at 1003; *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 124, 512 N.E.2d 640, 643; *Cleveland Elec. Illum. Co. v. Astorhurst Land Co* . (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800.

**{¶11}** *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997–Ohio–401, 679 N.E.2d 1099.

**{¶12}** Moreover, appellant failed to provide a transcript of the May 16, 2018 hearing before the Magistrate to the trial court. The transcript was not filed until August 14, 2018, which is after the appeals were filed. This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be

attacked on appeal." *Doane v. Doane,* 5th Dist. Guernsey No. 00CA21, 2001 WL 474267(May 2, 2001). When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 1995–Ohio–272, 654 NH.E.2d 1254.

{¶13} Accordingly, we review appellant's assignment of error only to analyze whether the trial court committed plain error. The Magistrate, in the case sub judice, found, in relevant part, as follows:

{¶14} "Mother had been persistently telling the younger two boys that they were being sexually abused by Father, by their grandfather, by an uncle, by [B.O.], the oldest brother. In the preceding year, she had made reports of this sexual abuse multiple times to RCCSB, to the police, to Mr. Powers[1], to a parenting education provider, she even reported to [B.O.'s] school that he was abusing his brothers. Mother told the younger boys that they were being raped while they were sleeping, that they were being molested every night. She tried to coerce them to disclose this alleged abuse to others, promising them a puppy, a big house, McDonalds, etc.

{¶15} "All three boys as well as Father consistently denied being sexually abused or perpetrating sexual abuse. On one occasion [B.O.] told Shawn Powers that sexual abuse had happened but also told him that he was coerced to say that. School personnel reported that [B.O.] had repeated the allegations at school but, based on his demeanor

---

[1] Shawn Powers is a licensed professional counselor with Family Life Counseling who testified at the hearing.

when doing so, felt he was being brainwashed or coerced.  RCCSB investigated multiple times and each time found no basis for the allegations.   Shawn Powers who had counseled the two younger boys since 2015 found no basis to believe the allegations of sex abuse.  Despite numerous directives from the Court and warnings from Mr. Powers about the harm to the boys, Mother continues to make these allegations to the boys and third parties.

{¶16} "Shawn Powers had diagnosed the younger two boys with post-traumatic stress disorder due, at least in part, to Mother's assaultive and destructive behaviors in the past and found that their emotional and behavioral health was negatively impacted by these traumas.  He opined that Mother's current, persistent allegations of sex abuse are highly disturbing to them and causing new trauma.  Testimony established that their grades their physical and emotional wellbeing was being negatively affected by Mother's conduct.

{¶17} "Mother has demonstrated that she will not refrain from making these disturbing and false allegations to authorities and to the boys, despite instructions from the Court, or advice from the boys' counsellor.

{¶18} "Father has demonstrated that he has the best interests of the children at heart regarding visitation with Mother.  In the past he has supported Mother's visitation, contributing games and materials to her parenting time, taking the children to visits at her home, to visits at RCCSB, hiring persons to transport the boys to visits with mom.  The children love their mother and want to see her; Father appears sympathetic to that.  The Court has good reason to believe that Father will facilitate contact between the children and Mother so longs as it is not detrimental to their mental, emotional and physical health."

**{¶19}**   Based on the Magistrate's established findings, we find no plain error in the trial court's decision adopting the Magistrate's Decision terminating the parties' agreement to phase-in appellant's visitation.

**{¶20}**   Therefore, appellant's sole assignment of error is overruled.

**{¶21}**   Accordingly, the judgment of the Richland County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.