[Cite as *In re T.J.*, 2019-Ohio-1061.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
IN THE MATTER OF:                          Hon. Earle E. Wise, Jr., J.

T.J.                                       Case No. 18 CA 99

                                           O P I N I O N

CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Juvenile Division, Case No. 2016
                                DEP 00149

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 26, 2019

APPEARANCES:

For Appellant Father            For Appellee RCCS

JOHN C. O'DONNELL, III          EDITH A. GILLILAND
10 West Newlon Place            731 Scholl Road
Mansfield, Ohio  44902          Mansfield, Ohio  44907

*Wise, John, J.*

{¶1}    Appellant Billy J. appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which granted permanent custody of his daughter, T.J., to Appellee Richland County Children Services ("RCCS"). The relevant procedural facts leading to this appeal are as follows.

{¶2}    On November 9, 2016, Appellee RCCS filed a complaint alleging that T.J., born in 2012, was a dependent child under R.C. 2151.04. Initial concerns included T.J.'s mother's mental health issues, suicidal ideations, alcohol abuse, and inadequate parenting skills, as well as certain untreated medical needs of T.J.'s sibling, B.J.[1] The agency also set forth concerns about appellant-father, including his lack of parenting skills.

{¶3}    Emergency shelter care was thereupon maintained by the trial court.

{¶4}    On or about February 6, 2017, T.J. was adjudicated dependent and placed in the temporary custody of RCCS by the trial court.

{¶5}    A case plan was filed and approved by the trial court on May 1, 2017. As the case progressed, RCCS noted that T.J. required treatment for severe behavioral issues and growth hormone deficiency.

{¶6}    SCJFS filed a motion for permanent custody on April 17, 2018. The matter proceeded to an evidentiary hearing before a magistrate on August 8, 2018.

{¶7}    On September 12, 2018, the magistrate issued a ten-page decision recommending a grant of permanent custody of T.J. to RCCS. The trial court adopted the decision on October 5, 2018.

---

[1]   The mother, Angel K., has separately appealed in this matter.

**{¶8}** Nonetheless, on October 5, 2018, appellant-father filed untimely objections to the decision of the magistrate. The trial court issued a judgment entry on October 15, 2018, overruling the objections as not timely filed under Juv.R. 40.

**{¶9}** In addition, despite the court's aforesaid decision of October 15, 2018, Angel K. on October 23, 2018 filed untimely objections to the magistrate's September 12, 2018 decision. The trial court thus issued another judgment entry on October 30, 2018, this time overruling Angel's objections as not timely filed under Juv.R. 40.

**{¶10}** In the meantime, appellant-father had filed a notice of appeal.[2] He herein raises the following sole Assignment of Error:

**{¶11}** "I. THE TRIAL COURT CAUSED SEVERE PREJUDICE TO APPELLANT BY TAKING A VOLUNTARY SURRENDER OF PARENTAL RIGHTS FROM HIM."

I.

**{¶12}** In his sole Assignment of Error, appellant appears to argue that the trial court committed prejudicial error by preventing him from "voluntarily surrendering" his parental rights concerning the child. We disagree.

**{¶13}** At the close of RCCSB's case before the magistrate, appellant moved via his trial counsel to accept a voluntary agreement to terminate his parental rights.[3] Tr. at 129-131. Agency counsel, having already presented her case, clearly voiced her opposition to such an "agreement." Tr. at 132-133. The magistrate subsequently memorialized in her decision, after further inquiry, that although appellant's admission and agreements were found to be made voluntarily, they would not be accepted "as a

---

[2]   Appellant-father has also appealed in two cases regarding the child's siblings.
[3]   Appellant's present counsel on appeal did not represent him at the trial court level.

means of avoiding an involuntary termination of [appellant's] parental rights." Magistrate's Decision at 2.

**{¶14}** Appellant essentially maintains that the magistrate did not adequately engage in a Juv.R. 29 colloquy with him, and he states that he wishes to protect his future children from the detriment of having an involuntary termination stemming from this case. *See*, *e.g.*, R.C. 2151.414(E)(11); 2151.419(A)(2)(e).

**{¶15}** However, in addition to the untimeliness of the objection to the magistrate's decision in this case (*see* Juv.R. 40(D)(3)(b)(iv)), the transcript of the magistrate's hearing is time-stamped October 29, 2018, *after* the trial court had issued its final decision. This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See*, *e.g.*, *Moton v. Ford Motor Credit Co.*, 5th Dist. Richland No. 01 CA 74, 2002-Ohio-2857 (additional citations omitted). We similarly recognize that when a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *Matter of B.O.*, 5th Dist. Richland No. 18CA64, 2019-Ohio-608, ¶ 12, citing *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 1995–Ohio–272, 654 N.E.2d 1254.

**{¶16}** Furthermore, R.C. 5103.15(B)(1) states in part as follows: "Subject to, except as provided in division (B)(2) of this section, juvenile court approval, the parents, guardian, or other persons *having custody of a child* may enter into an agreement with a

public children services agency or private child placing agency surrendering the child into the permanent custody of the agency. \*\*\*." (Emphasis added).

**{¶17}** R.C. 5103.15 has no application to cases in which the child has been adjudicated neglected or dependent and is under the jurisdiction of the juvenile court. *In re D.C.H.*, 9th Dist. Summit No. 22648, 2005-Ohio-4257, ¶ 17, citing *In re Miller* (1980), 61 Ohio St.2d 184, 189, 399 N.E.2d 1262; *Kozak v. Lutheran Children's Aid Society* (1955), 164 Ohio St. 335, 341, 130 N.E.2d 796. In other words, R.C. 5103.15 is not available to a parent when a children services agency already has temporary custody of the child. *See In re A.D.C.L.*, 2nd Dist. Darke No. 2015-CA-19, 2016-Ohio-1415, ¶ 46. *Cf. In re Young,* 11th Dist. Ashtabula No. 2006-A-0025, 2006-Ohio-4537, ¶ 24. Furthermore, as there is no specific legislative guidance on the requirements for a voluntary surrender of parental rights in juvenile court where the child has already been adjudicated neglected or dependent (*see In re B.Y.*, 9th Dist. Wayne No. 16AP0071, 2017-Ohio-833, ¶ 10), such a decision must be left to the broad discretion of the finder of fact, with due consideration of the *child's* best interest, not the parent's.

**{¶18}** Accordingly, upon our limited review under the circumstances, we find no demonstration of plain error or prejudicial error in the trial court's rejection of appellant's mid-trial proposal to voluntarily surrender his parental rights concerning T.J.

**{¶19}** Appellant's sole Assignment of Error is therefore overruled.

**{¶20}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/d 0227